IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Davinne Shabaz Dreher, | ) | C/A No. 0:24-5952-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, Alvin S. Glenn Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Davinne Shabaz Dreher, a state pretrial detainee, filed this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).  Having reviewed the Petition in

accordance with applicable law, the court concludes that it should be summarily dismissed.[1]

## I.      Factual and Procedural Background

Petitioner is a pretrial detainee at the Alvin S. Glenn Detention Center awaiting trial on

multiple charges.[2]  His Petition appears to concern the handling of his bond on those state charges.

Petitioner does not state what relief he seeks, but indicates he needs copies of documents and his

attorney is not helping.  In addition to his Petition, Petitioner has sent several letters, some of which

relate to the conditions of his confinement.

---

[1] Petitioner has requested to proceed without prepaying the filing fee by filing a Form AO 240, which is construed as a motion for leave to proceed *in forma pauperis*.  Based on a review of the motion, Petitioner's request to proceed *in forma pauperis* is granted.  (ECF No. 17.)

[2] Petitioner has sixteen pending cases in the Richland County Court of General Sessions.  See Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last visited Feb. 6, 2025); Fusaro v. Cogan, 930 F.3d 241 n.1 (4th Cir. 2019) (finding courts may take judicial notice of a party's court records); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (same).

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[3] 28 U.S.C. § 2241; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

**B.     Analysis**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.[4]  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A petitioner that is detained on state charges may challenge his pretrial detention by filing a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241.  See In re Wright, 826 F.3d 774, 782-83 (4th Cir. 2016).

However, in Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances.  See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  Younger, 401 U.S. at 43-44 (citation omitted).  From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate:  "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The first part of the test is satisfied in this case because Petitioner indicated he is currently detained on state criminal charges.  The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal

---

[4] Petitioner's subsequent challenges to his living conditions must be brought in a separate action pursuant to 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975). Because Petitioner can pursue his claims in his pending state criminal matter in state court, he is precluded from seeking federal habeas relief at this time. See Younger, 401 U.S. at 43-44; Reddish v. Bamberg, 2021 WL 5890436, at *2 (D.S.C. Oct. 13, 2021) (finding Younger abstention appropriate where petitioner challenged decision regarding his bond), adopted by 2021 WL 5083802 (D.S.C. Nov. 2, 2021). Thus, the court finds the Petition should be summarily dismissed because it fails to state a claim upon which relief can be granted.

## III.     Conclusion

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
February 12, 2025                        Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).